**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and the BOARD OF TRUSTEES of the Greater St. Louis Construction Laborers Welfare Fund; CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers Pension Trust of Greater St. Louis; CONSTRUCTIONLABORERS & CONTRACTORS TRAINING FUND OF EASTERN MISSOURI, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers & Contractors Training Fund of Eastern Missouri; and LOCAL UNION NOS. 42-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, | Case No. |
| Plaintiffs, | |
| v. | |
| GLEESON ASPHALT, INC., and CATHERINE ROSE, d/b/a GLEESON ASPHALT | |
| Defendant. | |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Board of Trustees of the Welfare Fund is the Plan Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502

1

of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Pension Fund is the Plan Sponsor of the Pension Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, Construction Laborers & Contractors Training Fund of Eastern Missouri, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Training Fund is the Plan Sponsor of the Training Fund is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant Gleeson Asphalt, Inc., is a Missouri corporation that was administratively dissolved on June 7, 2022, that had an office in St. Louis County, and that regularly conducted

business within this judicial district.  Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

7. Defendant Catherine Rose is an individual doing business as Gleeson Asphalt, with an office in St. Louis County, and who regularly conducts business within this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

8. This Court has jurisdiction by reason of Sections 502(a)(3) (ii), (d), and 515 of the Employee Retirement Income Security Act of 1974, as amended, §1132(a)(3)(ii) and (d) and §1145, and Section 301(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(c).

9. At times material, defendants were bound by the provisions of a collective bargaining agreement, requiring the submission of monthly reports and monthly payments to the employee benefit funds and the union in specified amounts.

10. Defendants are required to pay liquidated damages of twenty percent (20%) on delinquent contributions and supplemental union dues, plus interest, accounting costs, attorneys' fees and court costs.

11. Defendants have failed to submit its reports and any contributions owed for the months of February through June 2022 and owes $230.18 in late contributions for December 2021.

12. Plaintiffs are entitled to recover interest, liquidated damages, costs, and reasonable attorneys' and accounting fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and the Funds' trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

1. For an Order requiring defendants to submit its reports and pay all amounts owed for the months of February 2022 through June 2022, including liquidated damage and interest on same;

2. For an order requiring Defendants to pay $230.18 in contributions for December 2021, plus liquidated damages and interest on same;

3. For an Order requiring defendants to pay plaintiffs' reasonable attorneys' fees, accounting fees, and costs pursuant to 29 U.S.C. §1132(g); and

4. For such other and further relief as the Court may consider appropriate under the circumstances.

        Respectfully submitted,

        HAMMOND and SHINNERS, P.C.
        13205 Manchester Rd., Suite 210
        St. Louis, Missouri  63131
        Phone: (314) 727-1015
        Fax:    (314) 727-6804

          /s/Janine M. Martin
        JANINE M. MARTIN, #46465
        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on July 29, 2022, the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.


                /s/ Janine M. Martin